IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| IRENE INFERRERA and DOUGLAS D. INFERRERA : :  Plaintiff, : : v. : : WAL-MART STORES, INC., et al., : :  Defendants. : | Civil Action No. 11-1331 (RMB/AMD) **MEMORANDUM ORDER** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon its own motion.  On March 9, 2011, defendant Wal-Mart Stores, Inc. (the "Defendant") removed this action to federal court, relying upon diversity of citizenship to establish federal subject-matter jurisdiction. According to the complaint, plaintiff Irene Inferrera visited Defendant's Millville, New Jersey store on December 8, 2008, and "encountered a wet, waxy, slippery and/or hazardous condition on the floor which disrupted her balance and/or caused her to slip resulting in injury to her person." (Compl. ¶ 2, 5.)  She suffered vague and unspecified injuries, including "temporary and permanent injuries," which have allegedly "disabled" and "disfigured" her.  (Compl. ¶ 8.)  Ms. Inferrera's husband is also a plaintiff in this action.  He claims to have suffered "a loss of consortium and services."  (Compl. ¶ 11.)

1

The Notice of Removal alleges that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332, because,

> [O]n March 8, 2011, defense counsel contacted Plaintiffs' counsel, via letter, and informed Plaintiffs' Counsel of Defendant's intention to Remove this matter to the District Court, if Plaintiffs were unwilling to enter into a Stipulation of Damages of less than $75,000 by the close of business. . . . [C]ounsel for defendant has learned that plaintiff will not be signing the stipulation to limit damages as plaintiff's counsel believes that "plaintiff's damages may very well exceed $75,000.00." . . .
>
> Throughout its initial investigation and discovery efforts, defendant has learned that plaintiff is alleging serious and permanent personal injuries to her ankle, and that she has had surgery on her ankle. Through communications with plaintiff's counsel, defense counsel has also learned that plaintiff is considering having a second surgery on her ankle in the future.

(Ntc. Rmvl. ¶ 13-16.)  Thus, Defendant "<u>suspects</u> that Plaintiffs may be seeking a recovery in excess of $75,000" in light of the plaintiffs' alleged injuries, their refusal to enter into a stipulation to limit damages, and Defendant's belief that plaintiff Irene Inferrera has had ankle surgery and is "considering" having a second surgery.  (Compl. ¶ 17 (emphasis added).)  The Court notes, however, that Defendant has not submitted any affidavits or other documents supporting its belief that Ms. Inferrera in fact had ankle surgery and may have a second surgery in the future.

As an initial matter, the Court notes that it has previously opined that a plaintiff's refusal to enter into a stipulation

limiting its recovery is not sufficient to sustain an allegation of $75,000 in controversy.  See Martin v. Wal-Mart Stores, Inc., 709 F. Supp. 2d 345, 350 (D.N.J. April 30, 2010) ("One may not reasonably infer from Plaintiff's 'refusal' to stipulate to a limitation on her claims that the claims are reasonably likely to exceed $75,000.").

Further, the Court notes that the removing defendant carries the burden of establishing the requisite amount in controversy and that "all doubts must be resolved in favor of remand."  Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 199 (D.N.J. 2006) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).  Indeed, "28 U.S.C. § 1441 is to be strictly construed against removal, Boyer, 913 F.2d at 111, so that the Congressional intent to restrict federal diversity jurisdiction is honored."  Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004).  Thus, a removing party must provide more than mere speculation or "tenuous inferences and assumptions about the amount in controversy to satisfy its burden."  Valerio v. Mustabasic, Civ. No. 07-534, 2007 WL 2769636, *4 (D.N.J. Sept. 21, 2007) (internal citation omitted); Russ, 442 F. Supp. 2d at 198 (internal citations omitted).  "[U]nsubstantiated claims that damages will exceed the jurisdictional amount are too theoretical to satisfy Defendants' burden of demonstrating that removal is proper."  See Valerio,

2007 WL 2769636 at *4 (internal citation omitted).  In other words, "if this Court has to guess" at whether the jurisdictional threshold has been met, then "defendant has not proved its point."  See id.

Thus, the mere fact that Defendant "suspects" the amount in controversy exceeds $75,000, due to plaintiffs' unspecified damages, refusal to enter into a stipulation, and the possibility that one of the plaintiffs has had ankle surgery and may need future surgery, is insufficient to support federal subject-matter jurisdiction over this action.  See, e.g., Martin, 709 F. Supp. 2d at 350.

ACCORDINGLY, IT IS on this, the **11th** day of **March 2011**, hereby

**ORDERED** that this case shall be **REMANDED** to the Superior Court of New Jersey, Cumberland County; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this file.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

4